UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

JESSIE LEWIS JONES,

        Petitioner,        2:12-cv-01677-CL

        v.        REPORT AND
                RECOMMENDATION

STEVE FRANKE,

        Respondent.

CLARKE, Magistrate Judge.

    Petitioner is in the custody of the Oregon Department of Corrections pursuant to a judgment, entered March 3, 1972 from the Multnomah County Circuit Court, after a conviction for Murder. In February, 1981 he was paroled to supervision in Tennessee. He subsequently violated the conditions of his parole and the Oregon Board of Parole and Post-prison Supervision (Board) revoked his parole on November 1, 2002.

1 - FINDINGS AND RECOMMENDATION

Petitioner does not challenge his conviction in this proceeding. Rather, he challenges the Order of Revocation. Exhibit 103 at ATT 6. On January 15, 2003, the Board issued Board Action Form (BAF) #5 in which it set the date for a future re-parole hearing in October 2009. Exhibit 103 at ATT 8. Petitioner sought administrative review of BAF #5, but not of the Order of Revocation. Exhibit 103 at ATT. 10 - 12. The Board denied relief. Exhibit 103 at ATT 13-14.

Petitioner filed a petition for judicial review , Exhibit 102, in which he attacked only the future re-parole hearing date. The Oregon Court of Appeals dismissed the petition on the state's motion, Exhibit 106, and the Oregon Supreme Court denied review. Exhibit 108. The appellate judgment issued on March 23, 2004. Exhibit 109.

Petitioner filed two additional petitions for judicial review following the Board's 2009 decisions in which it deferred his parole hearings by an additional two years. However, neither of those petitions challenged the Order of Revocation. Exhibits 110 - 127.

Petitioner filed the petition in this proceeding on September 17, 2012. Petitioner alleges that his parole was revoked in violation of his constitutional rights because his parole hearing did not take place within a reasonable time after he was taken into custody. Petition (#2) p. 6

2 - FINDINGS AND RECOMMENDATION

Respondent moves to deny relief and dismiss this proceeding on the ground that petitioner's claims were not brought within the time allowed by 28 U.S.C. 2244. Response (#17) p. 1.

Under 28 U.S.C. sec. 2254(d) a petitioner has one year to file a federal habeas corpus petition. For petitioner's challenging parole decisions, the federal statute begins to run when the parole administrative process is final. 28 U.S.C. ec. 2244(d)(1)(D); <u>Redd v. McGrath</u>, 343 F.3d 1077 (9th Cir. 2003); <u>Shelly v. Bartlett</u>, 391 F.3d 1061 (9th Cir. 2004).

Petitioner challenges the Order of Revocation dated November 1, 2002. Exhibit 103 at ATT 6. Although petitioner sought administrative review of BAF #5, which was issued shortly after the Order of Revocation, in which the Board set the date for a future re-parol hearing to October, 2009, he did not challenge the Order of Revocation. Thus, under 28 U.S.C. sec. 2244(d)(1)(D), and *Redd*, *supra*, the federal statute of limitations began running on December 16, 2002, the latest date on which petitioner could have sought administrative review of the Order of Revocation. [*see*, OAR 255-080-0001 - 255-080-0015].

Thus, petitioner had one year from December 16, 2002, excluding any time during which a state collateral remedy was pending to file a federal habeas corpus petition challenging

3 - FINDINGS AND RECOMMENDATION

the revocation order. Between December 16, 2002, the latest date on which petitioner could have sought administrative review, and September 10, 2012, the date on which petitioner signed the petition in this case, 3,556 days accrued. None of tat time was tolled by state collateral remedy proceedings.

Petitioner's petition is time barred. The Petition (#2) should be denied. The Clerk of Court should be directed to enter a judgment dismissing this action with prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to _de novo_ consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

4 - FINDINGS AND RECOMMENDATION

## Certificate of Appealability

Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right. See, 28 U.S.C. § 2253(c)(2).

DATED this __ day of May, 2013.

Mark D. Clarke
United States Magistrate Judge